# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:03-cr-0008-GZS |
| MITCHELL MCGUIRE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Upon the motion of the Defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the Motion (ECF No. 256) is DENIED after complete review of the Motion on the merits.

**Factors Considered:**

In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Applying these Guideline provisions, this Court explained in its Order to Show Cause (ECF No. 260), which the Court hereby incorporates into this Order, that it did not appear that McGuire qualified for a sentence reduction under the § 1B1.13 definition. In his Responses to the Order to Show Cause (ECF Nos. 264 & 265), Defendant provides an update on COVID-19 cases at his facility and explains how the pandemic

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, post-pandemic motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-CR-00032-GZS (D. Me. June 16, 2020).

and its effect on BOP operations is impacting his daily life and mental health. While the Court acknowledges the challenges McGuire describes, it does not change the Court's view that he does not present as qualifying for a sentence reduction under the definition laid out in U.S.S.G. § 1B1.13.

Beyond the Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, --- F.3d ---, 2020 WL 7050097 (4th Cir. Dec. 2, 2020); United States v. Jones, --- F. 3d ---, 2020 WL 6817488 (6th Cir. Nov. 20, 2020); United States v. Gunn, --- F.3d ---, 2020 WL 6813995 (7th Cir. Nov. 20, 2020); United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." See United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019), *aff'd*, No. 19-1785 (1st Cir. July 23, 2020). Given this backdrop, the Court has reviewed the all of materials submitted by McGuire to consider whether he presents any extraordinary and compelling reasons for a sentence reduction.

Here, Defendant has previously received a sentence reduction under the First Step Act resulting in his current estimated release date of Ocotber 27, 2021. Thus, the Court is left to consider whether there is a combination of extraordinary and compelling reasons to immediately release McGuire rather than have him transition to prerelease custody and then supervised release. While the Court appreciates McGuire's desire to be released from his current conditions of

incarceration as soon as possible, in the Court's assessment, a planned reentry will better serve the interests of justice and provide the greatest chance for McGuire to have the life he is seeking, including educational and work opportunities in health care and the visual arts.  Having considered all of the circumstances of the underlying offense as well as all of the applicable § 3553(a) factors, the Court concludes on the record presented that McGuire does not present a combination of extraordinary and compelling reasons sufficient for this Court to exercise any additional discretion afforded under the evolving interpretation of 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

/S/ George Z. Singal
United States District Judge

Dated this 16th day of December, 2020.